Samuel J. Samaro, Esq.
Maxiel L. Gomez, Esq.
**PASHMAN STEIN**
A Professional Corporation
Court Plaza South
21 Main Street
Hackensack, New Jersey 07601
(201) 488-8200
Counsel for Plaintiff,
  **Janet E. Semeniw**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET E. SEMENIW<br><br>Plaintiff,<br><br>v.<br><br>SPINE AND ORTHOPEDIC CENTER OF NEW JERSEY, DR. DAVID B. BASCH, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.  cv<br><br>"Electronically Filed"<br><br>**COMPLAINT**<br>**JURY DEMAND** |

Plaintiff, Janet E. Semeniw, by and through her attorneys, Pashman Stein, A Professional Corporation, by way of complaint against defendants Spine and Orthopedic Center of New Jersey, Dr. David B. Basch, ABC Corporations 1-10 and John Does 1-10, says:

### NATURE OF THE ACTION

1.   This is a civil action for damages and remedies brought by Plaintiff in connection with the termination of her employment in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216*, New Jersey's Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* 34:19-1 *et seq.*

1

and the New Jersey Law Against Discrimination ("LAD"), *N.J.S.A.* 10:5-1 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under *18 U.S.C. § 1331* (federal question) pursuant to the Fair Labor Standards Act and supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to *28 U.S.C. § 1367.*

3. Venue is proper in the District of New Jersey pursuant to *28 U.S.C. § 1391* because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

4. Plaintiff, Janet E. Semeniw ("Semeniw") is an individual residing in the County of Sussex, in the State of New Jersey. Plaintiff was employed by Defendant Spine & Orthopedic Center of New Jersey ("SOCNJ") from September 1, 2002 through June 11, 2010.

5. Upon information and belief, SOCNJ is a limited liability company organized under the laws of the State of New Jersey. SOCNJ provides patients with treatment of muscular and skeletal injuries in approximately five offices located throughout northern New Jersey. SOCNJ's

principal office is located at 90 Sparta Avenue, Sparta, New Jersey, 07871.

6.  Upon information and belief, David B. Basch, MD ("Dr. Basch") is an orthopedic surgeon and owner of SOCNJ.

**RELEVANT FACTS**

7.  On or about September 2002, Semeniw was hired by SOCNJ through an employment agency as a full-time medical assistant for its Sparta, New Jersey office. As a medical assistant, Semeniw was responsible for the front reception and obtaining general information from patients.

8.  On or about March 1, 2003, Semeniw was no longer affiliated with the temporary agency and became a direct employee of SOCNJ.

9.  On or about the fall of 2007, in addition to her medical assistant job title, Semeniw also became the medical records & legal department coordinator for SOCNJ's Sparta office. Her job responsibilities included covering reception, opening mail, making copies, scheduling arbitrations and trials, writing prescriptions and ordering medical supplies. Semeniw reported to and was supervised by Dr. Basch and the office manager.

10. Initially, Semeniw was hired to work from 8:00 a.m. until 4:00 p.m. On or about August 2007, SOCNJ announced that, other than a few exceptions, all employees

would be salaried and not qualify for paid overtime. Employees were also advised that they were required to work from 8:00 a.m. until 5:00 p.m. On Wednesdays, Semeniw was required to work from 8:00 a.m. until 7:00 p.m. to cover the front reception desk.

11. Since August 2007, Semeniw has not received any payment from SOCNJ for overtime and worked an average of approximately 47 hours per week.

12. On numerous occasions, Semeniw complained to the Office Manager that she should receive compensation for overtime. However, she was repeatedly advised by the Office Manager that she was not entitled to paid overtime.

13. Dr. Basch made the decision and took action to deny Plaintiff for overtime hours worked.

14. On or about August 2009, Linda Frazer, SOCNJ Medical Assistant, provided Rebecca Huntley ("Huntley"), SOCNJ Office Manager, with an article that stated that it was illegal for employees to write prescriptions without doctor approval. Semeniw was present during Frazer's meeting with Huntley and advised Huntley that she was not comfortable with writing prescriptions for patients and was also not comfortable with Dr. Basch leaving blank signed prescription pads in the back office. Semeniw explained that she felt this practice was illegal. In response,

4

Huntley responded that there was nothing wrong with this practice.

15. Shortly thereafter, on September 2009, an investigation was commenced by the Drug Enforcement Agency ("DEA") into potential illegal activity by Dr. Basch concerning issuing prescriptions for Suboxone. Suboxone is a medication used for the treatment of addiction to opioid drugs, including heroin and narcotic painkillers.

16. DEA agents interviewed employees of SOCNJ and Semeniw was required to make copies of office notes with the same dates that Suboxone prescriptions were issued. The DEA also made copies of SOCNJ's prescription call in log.

17. Subsequently, Dr. Basch was no longer able to write prescriptions and SOCNJ's physician assistant, Matthew Poppe ("Poppe") was writing prescriptions for SOCNJ's Sparta, NJ and Randolph, NJ office. Similar to Dr. Basch's practice, Poppe left blank signed prescription pads in the Sparta office on Huntley's desk to be issued to patients.

18. On January 2010, Semeniw complained about the pre-signed prescriptions and advised Huntley that she would no longer write prescriptions. In response, Huntley threatened that Dr. Basch was going to either terminate her

5

employment or decrease her pay as a result of her refusal to write prescriptions.

19. On February 2, 2010, Semeniw was written up for insubordination due to her refusal to write prescriptions.

20. On February 3, 2010, Semeniw was warned that she was not to talk about what was going on at work with anyone.

### PLAINTIFF'S MEDICAL DISABILITY

21. On or about October 2009, Semeniw sought medical treatment for abdominal pain and was subsequently diagnosed with Diverticulitis and Irritable Bowel Syndrome.

22. On February 4, 2010, Semeniw was advised by her physician that she was to go out on disability immediately as a result of her worsening medical condition.

23. Semeniw trained her co-workers, "Karen" and "Charlotte," on how to perform her job responsibilities prior to her medical leave.

24. On a monthly basis, Semeniw updated Huntley as to the status of her medical condition. On May 20, 2010, Semeniw came into the office to inform Huntley and the staff that she was cleared to return to work on June 14, 2010.

6

25. On Wednesday, June 9, 2010, during a staff meeting, Raquel Hess announced "Thank God Janet is coming back on Monday."

26. On June 10, 2010, Semeniw emailed Huntley that she was cleared to return to work by her physician, however, her physician recommended that she work no more than forty (40) hours a week. Later that same day, Huntley called Semeniw and stated that she was no longer needed and that her employment is terminated.

27. Huntley claimed that Semeniw's position was eliminated due to restructuring of the SOCNJ office in light of economic conditions. Huntley instructed Semeniw not to discuss the matter of her employment with any SOCNJ's employees or discuss the workings of the SOCNJ's office in general.

28. Upon information and belief, SOCNJ hired someone to replace Semeniw since her termination.

29. SOCNJ has refused to pay owed vacation time to Semeniw.

7

## **FIRST CAUSE OF ACTION**

### OVERTIME WAGES DUE UNDER THE
### FAIR LABOR STANDARDS ACT

### (AGAINST BOTH DEFENDANTS)

30. Plaintiff incorporates herein by reference Paragraphs 1 through 29 above as though fully set forth herein.

31. At all relevant times, Defendant SOCNJ was an "employer" within the meaning of *29 U.S.C. § 203(d)*.

32. At all relevant times, Dr. Basch was an "employer" within the meaning of *29 U.S.C. 203(e)(2)*.

33. At all relevant times, Defendants were employers engaged in commerce and/or Plaintiff was engaged in commerce.

34. At all relevant times, Defendant SOCNJ was an institution primarily engaged in the care of the sick within the meaning of *29 U.S.C. 203(s)(1)(B)*.

35. Upon information and belief, Defendant SOCNJ is an enterprise with an annual gross volume of business exceeding $500,000.00.

36. Defendants intentionally and knowingly treated Plaintiff as exempt from FLSA's overtime pay requirement.


37. Dr. Basch by virtue of his implementation of and responsibility for the policies and practices complained of herein is individually liable under the FLSA.

38. Defendants' willful failure to compensate Plaintiff with overtime wages for the hours worked in excess of forty hours at least equal to one and one-half times her regular rate is in violation of the FLSA.

39. As a result of Defendants' unlawful actions, Plaintiff seeks unpaid overtime pay, liquidated damages, punitive damages, attorney fees, costs and disbursements as provided for in the FLSA.

### SECOND CAUSATION OF ACTION
### VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT
### (AGAINST BOTH DEFENDANTS)

40. Plaintiff incorporates herein by reference Paragraphs 1 through 39 above as though fully set forth herein.

41. At all relevant times, Plaintiff was an employee of SOCNJ subject to the protections of the New Jersey Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* § 34:19-2(a).

42. At all relevant times, Defendants SOCNJ and Dr. Basch are employers within the meaning of *N.J.S.A.* § 34:19-2(a).

43. Plaintiff advised her supervisor, Huntley, that she would not write prescriptions and complained about the blank pre-signed prescriptions pads which she reasonably believed was in violation of a law, rule or regulation or incompatible with a clear mandate of public policy concerning public health, safety or welfare.

44. In response to engaging in this protected activity, Plaintiff was advised that Dr. Basch would terminate her employment or suspend her pay.

45. Shortly thereafter, Plaintiff was reprimanded and terminated.

46. There is a causal connection between Plaintiff's complaints and the decision to terminate her employment and retaliation against her.

47. Defendants acted wrongfully, intentionally and maliciously, such that an award of punitive damages is appropriate.

48. As a direct and proximate result of defendants' wrongful conduct, plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish and emotional distress.

## THIRD CAUSE OF ACTION
## NEW JERSEY LAW AGAINST DISCRIMINATION
## DISABILITY (PERCEIVED AS) DISCRIMINATION
## (AGAINST DEFENDANT SOCNJ)

49.   Plaintiff incorporates herein by reference Paragraphs 1 through 48 above as though fully set forth herein.

50.   Plaintiff was at all relevant times, a person defined as "disabled", or was otherwise perceived as disabled, under the New Jersey law Against Discrimination (the "LAD"), who was, despite her disability, otherwise capable and qualified to perform the duties of her job.

51.   The defendant's termination of Plaintiff's employment because of her disability is in violation of the LAD.

52.   As a direct and proximate result of the intentional discriminatory acts of the defendant, its agents and employees, including the discriminatory discharge of plaintiff's employment, plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish and emotional distress.

**FOURTH CAUSE OF ACTION**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**FAILURE TO PROVIDE A REASONABLE ACCOMMODATION**
**(AGAINST DEFENDANT SOCNJ)**

53. Plaintiff incorporates herein by reference Paragraphs 1 through 52 above as though fully set forth herein.

54. At all relevant times, Plaintiff was a person defined as "disabled", or was otherwise perceived as disabled, under the LAD, who was, despite her disability, otherwise capable and qualified to perform the duties of her job.

55. Plaintiff engaged in protected activity when she sought a reasonable accommodation of limiting her work day to forty hours.

56. Defendant violated the LAD when it decided not to accommodate Plaintiff and terminated her employment.

57. As a result of Defendant's actions, plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish and emotional distress.

## FIFTH CAUSE OF ACTION
## NEW JERSEY LAW AGAINST DISCRIMINATION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
## (AGAINST DEFENDANT SOCNJ)

58. Plaintiff incorporates herein by reference Paragraphs 1 through 57 above as though fully set forth herein.

59. Defendant failed to engage in an interactive process with Plaintiff to determine what reasonable accommodation may be granted to Plaintiff to enable her to remain employed and perform the essential functions of her job, with or without reasonable accommodations.

60. As a result of Defendant's actions, plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish and emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

(a) Declaration that Defendants are in violation of Plaintiff's rights under the FLSA;

(b) Award of unpaid overtime wages due under all application regulations

13

(c) Compensatory damages including back and front pay, liquidated damages and emotional and physical distress damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest, where applicable;

(f) Award of reasonable costs and attorney's fees, reasonable expert witness fees and other court costs incurred in litigation;

(g) Such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Pursuant to F.R.Civ.P.38, Plaintiff hereby demands a trial by jury on each and every issue so triable.

**PASHMAN STEIN**
A Professional Corporation

Dated: November 15, 2010   By: _s/Samuel J. Samaro_
　　　　　　　　　　　　　　　　SAMUEL J. SAMARO
　　　　　　　　　　　　　　　　MAXIEL L. GOMEZ

**PASHMAN STEIN**
A Professional Corporation
Court Plaza South
21 Main Street
Hackensack, New Jersey 07601
(201) 488-8200
ssamaro@pashmanstein.com

14