BARRY E. LEVINE, LLC
ATTORNEY AT LAW
Powder Mill Plaza
101 Gibraltar Drive, Suite 2-F
Morris Plains, New Jersey 07950
Telephone (973) 538-2084
Attorney for Defendants
Spine & Orthopedic Center of New Jersey,
David B. Basch, MD

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET E. SEMENIW<br><br>Plaintiff,<br><br>vs<br><br>SPINE & ORTHOPEDIC CENTER OF NEW JERSEY, DAVID B. BASCH, MD., ET ALS.<br><br>Defendants. | CIVIL ACTION NO.<br>2:10-05966-WJM-MF<br><br><br><u>**ANSWER AND SPECIFICATION OF DEFENSES**</u> |

Defendants Spine & Orthopedic Center of New Jersey and David B. Basch, MD, having an address of 90 Sparta Avenue, Sparta, New Jersey 07871 by way of Answer to the plaintiff's Complaint state as follows:

### NATURE OF THE ACTION

1. Defendants neither admit or deny the allegations in Paragraph 1 of the Plaintiff's Complaint but leaves Plaintiff to her proofs.

### JURISDICTION AND VENUE

2. Defendants neither admit or deny the allegations in Paragraph 2 of the

Plaintiff's Complaint but leaves Plaintiff to her proofs.

3. Defendants neither admit or deny the allegations in Paragraph 3 of the Plaintiff's Complaint but leaves Plaintiff to her proofs.

## THE PARTIES

4. The Defendants deny the allegations in Paragraph 4 of the Plaintiff's Complaint; our records show Plaintiff was employed from February 28, 2003 through February 7, 2010.

5. The Defendants admit the allegations in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

## RELEVANT FACTS

7. The Defendants admit that Plaintiff began her employment with Defendants as a temporary employee; Defendants neither admit or deny the dates, but leave the plaintiff to her proofs.

8. The Defendants admit the allegations in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendants deny the allegations in Paragraph 9 of the Plaintiff's Complaint. The Plaintiff remained a medical assistant throughout her employment. In the fall of 2007, she became a salaried employee.

10. The Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint. The Plaintiff remained a salaried employee and voluntarily stayed after hours.

11. The Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint, as the Plaintiff was a salaried employee.

12. The Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint, as the Plaintiff was a salaried employee.

13. The Defendants admit the allegations in Paragraph 13 of Plaintiff's Complaint, as the Plaintiff was a salaried employee.

14. The Defendants admit the allegations in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendants admit that an investigation was conducted; the phrase "potential illegal activity by Dr. Basch" is denied.

16. The Defendants admit the allegations in Paragraph 16 of the Plaintiff's Complaint.

17. It is admitted that Dr. Basch was not able for a period of time to write prescriptions.

18. It is denied that the Plaintiff was going to be disciplined due to failure to write prescriptions. Rather, the Plaintiff was disciplined for failing to fill in a log book of prescriptions.

19. It is admitted that the Plaintiff was written up for insubordination, but it is denied that it is was due to her refusal to write prescriptions.

20. The Defendants deny the allegations in Paragraph 20 of the Plaintiff's Complaint.

**PLAINTIFF'S MEDICAL DISABILITY**

21. The Defendant neither admit or deny the allegations in Paragraph 21 of the

Plaintiff's Complaint, but leaves Plaintiff to her proofs.

22. The Defendant neither admit or deny the allegations in Paragraph 22 of the Plaintiff's Complaint, but leaves Plaintiff to her proofs.

23. The Defendants deny the allegations in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendants admit that Plaintiff provided updates as the status of her medical condition, but neither admit nor deny it was done on a monthly basis.

25. The Defendants neither admit or deny the allegations in Paragraph 25 of the Plaintiff's Complaint but leaves Plaintiff to her proofs.

26. The Defendants admit the allegations in Paragraph 26 of the Plaintiff's Complaint.

27. The Defendants admit the allegations in Paragraph 27 of the Plaintiff's Complaint.

28. The Defendants deny the allegations in Paragraph 28 of the Plaintiff's Complaint.

29. The Defendants deny the allegations in Paragraph 29 of the Plaintiff's Complaint.

### FIRST CAUSE OF ACTION

### OVERTIME WAGES DUE UNDER THE FAIR LABOR STANDARDS ACT AGAINST BOTH DEFENDANTS

30. The Defendants repeat their answers to Paragraphs 1 through 29 of the Plaintiff's Complaint as if set forth at full length herein.

31. The Defendants admit the allegations in Paragraph 31 of the Plaintiff's

Complaint.

32. The Defendants admit the allegations in Paragraph 32 of the Plaintiff's Complaint.

33. The Defendants admit the allegations in Paragraph 33 of the Plaintiff's Complaint.

34. The Defendants admit the allegations in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendants admit the allegations in Paragraph 35 of the Plaintiff's Complaint.

36. It is admitted that Defendants treated Plaintiff as a salaried employee.

37. The Defendants deny the allegations in Paragraph 37 of the Plaintiff's Complaint.

38. The Defendants deny the allegations in Paragraph 38 of the Plaintiff's Complaint.

39. The Defendants deny the allegations in Paragraph 39 of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT AGAINST BOTH DEFENDANTS

40. The Defendants repeat their answers to Paragraphs 1 through 39 of the Plaintiff's Complaint as if set forth at full length herein.

41. The Defendants repeat the allegations in Paragraph 41 of the Plaintiff's

Complaint.

42. The Defendants admit the allegations in Paragraph 42 of the Plaintiff's Complaint.

43. The Defendants deny the allegations in Paragraph 43 of the Plaintiff's Complaint.

44. The Defendants deny the allegations in Paragraph 44 of the Plaintiff's Complaint.

45. The Defendants deny the allegations in Paragraph 45 of the Plaintiff's Complaint.

46. The Defendants deny the allegations in Paragraph 46 of the Plaintiff's Complaint.

47. The Defendants deny the allegations in Paragraph 47 of the Plaintiff's Complaint.

48. The Defendants deny the allegations in Paragraph 48 of the Plaintiff's Complaint.

### THIRD CAUSE OF ACTION

### NEW JERSEY LAW AGAINST DISCRIMINATION DISABILITY (PERCEIVED AS) DISCRIMINATION (AGAINST DEFENDANT SOCNJ)

49. The Defendants repeat their answers to Paragraphs 1 through 48 of the Plaintiff's Complaint as if set forth at full length herein.

50. The Defendants deny the allegations of Paragraph 50 of the Plaintiff's Complaint.

51. The Defendants deny the allegations of Paragraph 51 of the Plaintiff's

Complaint.

52. The Defendants deny the allegations of Paragraph 52 of the Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

## NEW JERSEY LAW AGAINST DISCRIMINATION FAILURE TO PROVIDE A REASONABLE ACCOMODATION (AGAINST DEFENDANT SOCNJ

53. The Defendants repeat their answers to Paragraphs 1 through 52 of the Plaintiff's Complaint as if set forth at full length herein.

54. The Defendants deny the allegations of Paragraph 54 of the Plaintiff's Complaint.

55. The Defendants deny the allegations of Paragraph 55 of the Plaintiff's Complaint.

56. The Defendants deny the allegations of Paragraph 56 of the Plaintiff's Complaint.

57. The Defendants deny the allegations of Paragraph 57 of the Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

## NEW JERSEY LAW AGAINST DISCRIMINATION FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (AGAINST DEFENDANT SOCNJ

58. The Defendants deny the allegations of Paragraph 57 of the Plaintiff's Complaint.

59. The Defendants deny the allegations of Paragraph 59 of the Plaintiff's Complaint.

60. The Defendants deny the allegations of Paragraph 60 of the Plaintiff's Complaint.

WHEREFORE, the Defendants demand that the within Complaint be dismissed as against them with prejudice and without costs.

### SPECIFICATION OF DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted and this defendant reserves the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

The claim of the claimant is barred as a matter of law because of the doctrine of res adjudicata.

### THIRD SEPARATE DEFENSE

Plaintiff's wrongful conduct bars her claim for relief.

### FOURTH SEPARATE DEFENSE

Subsequent to the incident complained of, Plaintiff instituted a proceeding before another tribunal possessing jurisdiction over the incident complained of, and has thus elected a remedy different and repugnant to the remedy herein sought.

### FIFTH SEPARATE DEFENSE

There has been an accord and satisfaction whereby these Defendants are discharged from any liability.

## SIXTH SEPARATE DEFENSE

The Plaintiff's suit is in violation of the New Jersey Entire Controversy Doctrine.

## SEVENTH SEPARATE DEFENSE

The Plaintiff has violated the provisions of the New Jersey Conscientious Employee Protection Act, which contains an election of remedies provision.

## EIGHTH SEPARATE DEFENSE

The Plaintiff was a salaried employee, and was not entitled to overtime payments.

## NINTH SEPARATE DEFENSE

The Plaintiff was not in a protected class, and therefore not eligible for recovery under the New Jersey Law Against Discrimination.

## TENTH SEPARATE DEFENSE

The Defendants had a bonafide non-discriminatory reason for the termination of Plaintiff's employment.

## ELEVENTH SEPARATE DEFENSE

The Plaintiff was not terminated from her employment due to any complaints made to Defendants management with regard to office practices.

                    BARRY E. LEVINE, LLC
                    Attorney for Defendants,
                    Spine & Orthopedic Center of
                    New Jersey and David B. Basch, MD


                    /s/ Barry E. Levine
                    BARRY E. LEVINE, ESQ.

Dated: January 6, 2011

## CERTIFICATION OF SERVICE

Donna M. Zvolensky, does hereby certify:

1. I am a paralegal employed by the law firm of Barry E. Levine, LLC, attorneys for defendants, Spine and Orthopedic Center of New Jersey and David B. Basch, M.D. in this case. On January 6, 2011 I filed a copy of the within Answer with Specification of Defenses via electronic filing to:

>Clerk, United States District Court
>ML King Jr. Federal Building & US Court House
>50 Walnut Street
>Newark, New Jersey 07102

And by email and regular mail to:

>Samuel J. Samaro, Esq.
>Maxiel L. Gomez, Esq.
>Pashman Stein
>A Professional Corporation
>Court Plaza South
>21 Main Street
>Hackensack, New Jersey 07601

I hereby certify that the foregoing statements made by me are true. I know that it if any statement is willfully false, I am subject to punishment.

/s/ Donna M. Zvolensky
Donna M. Zvolensky
Assistant to Barry E. Levine, Esq.

Dated: January 6, 2011